JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:18-CV-05725-RGK-PLA | Date | August 02, 2018 |
|---|---|---|---|
| Title | ***ABEL CONTRARAS, ET AL. v. XPO CARTAGE, INC., ET AL.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On February 28, 2018, 122 named plaintiffs (collectively, "Plaintiffs") filed a complaint against defendants XPO Cartage, Inc., XPO Logistics Cartage, LLC, XPO Port Services, Inc., XPO Logistics Port Services, Inc., and XPO Logistics, Inc. (collectively, "Defendants") in Los Angeles Superior Court. On April 26, 2018, Plaintiffs filed a First Amended Complaint ("the FAC"), alleging the following claims: (1) negligent supervision; (2) constructive discharge in violation of public policy; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; (5) violation of California Labor Code §§ 400 *et seq.*; (6) conversion of personal property; and (7) violation of California Business & Professions Code § 17200. Each Plaintiff is or was a driving service provider for Defendants. Plaintiffs contend that they were misclassified as independent contractors and that Defendants retaliated against each Plaintiff as a result of Plaintiffs' prior litigation against Defendants.

On June 28, 2018, Defendant XPO Logistics Cartage, LLC ("Removing Defendant") removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Removing Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy requirement has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In the FAC, Plaintiffs seek damages for lost wages, mental and emotional distress, costs, and attorneys' fees. In support of its removal, Removing Defendant cites under-oath statements made by three Plaintiffs in a previous case against a related defendant. In these statements, each Plaintiff admitted that his daily income with Removing Defendant was approximately $300 per day. Using this number,

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-CV-05725-RGK-PLA | Date | August 02, 2018 |
|---|---|---|---|
| Title | *ABEL CONTRARAS, ET AL. v. XPO CARTAGE, INC., ET AL.* | | |

Removing Defendant calculates that each of these Plaintiffs alleges damages of lost wages in the amount of approximately $175,800 ($300 per day x 586 work days) from February 29, 2016 (the last day Removing Defendant paid each of the three Plaintiffs) through June 27, 2018 (the date of removal).

However, Removing Defendant's calculations are speculative, and fail to take into account any mitigation of lost wages. Although Plaintiffs also claim damages for mental and emotional distress, Removing Defendant does not address them in its Notice of Removal.

Further, district courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g., MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and maybe avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

Accordingly, the Court is not satisfied that Removing Defendant has satisfied its burden of showing, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____